**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT EMORY, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Civil Case No. SAG-11-381 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

******

**MEMORANDUM**

This matter is before the Court by the parties' consent. (ECF Nos. 6, 7). Vincent Piazza, Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 25). After requests from the Court, Mr. Piazza filed supplemental information about the fee petition and his intention to seek payment from his client. (ECF Nos. 29, 33, 35). The Commissioner has opposed Mr. Piazza's petition, contending that he did not present a proper contingent-fee agreement pursuant to 42 U.S.C. § 406(b). (ECF No. 30). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Mr. Piazza's Petition for Attorney's Fees is GRANTED in part and DENIED in part.

**I. BACKGROUND**

Robert Emory filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") in November, 2007. (ECF No. 19 at 121-32). He was represented throughout the agency proceedings by Mr. Piazza. After benefits were denied through the administrative appeals process, on February 11, 2011, Mr. Emory petitioned this Court to review the Social Security Administration's final decision to deny his claims. (ECF No.

1

1). Mr. Emory submitted a motion for summary judgment, and the Commissioner subsequently filed a consent motion to remand Mr. Emory's claim to the agency under Sentence Four of 42 U.S.C. § 405(g). (ECF Nos. 14, 20). The Court granted the consent remand October 5, 2011. (ECF No. 21).

After the consent remand, Mr. Emory requested attorney's fees for Mr. Piazza under the Equal Access to Justice Act ("EAJA") on November 9, 2011. (ECF No. 22). The Commissioner stipulated to an award of $3,462.50 in EAJA fees to Mr. Piazza.[1] (ECF No. 23). After further proceedings at the agency, on September 26, 2013, the Social Security Administration ("SSA") awarded past-due SSI and DIB benefits to Mr. Emory, finding him disabled since May 1, 2007. (ECF No. 25, Ex. 2). In a letter dated November 6, 2013, the SSA awarded Mr. Emory $89,370.00 in past due benefits. (ECF No. 25, Ex. 4). Subsequently, the SSA authorized a fee in the amount of $6,000.00 for Mr. Piazza's work in front of the agency, which he received, minus a small administrative fee. (ECF No. 29).

Mr. Piazza timely filed the instant Petition for Attorney's Fees on November 25, 2013, seeking $22,342.50, or twenty-five percent of Mr. Emory's past due benefits, for work in front of the federal district court. (ECF No. 25). The Commissioner contends that Mr. Piazza does not have a contingent-fee agreement with Mr. Emory that controls the instant request, and, thus, the Court should award an amount it deems reasonable. (ECF No. 30).

**II. ANALYSIS**

Upon an award of retroactive disability benefits, the Court may allow plaintiff's counsel reasonable attorney's fees totaling no more than twenty-five percent of such benefits. 42 U.S.C. §§ 406(b), 1383(d)(2)(B)(i). The Supreme Court has emphasized the primacy of the contingent-

---

[1] However, after interception for debts owed by Mr. Emory to the government, Mr. Piazza received only $303.24.

fee agreement made between attorney and client in determining the fees that should be paid to that attorney for successfully representing a claimant for Social Security benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court's role is to "review [] such agreements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

Mr. Piazza attached to the instant petition a contingent-fee agreement signed by Mr. Piazza and Mr. Emory that reads:

> [My attorney and I] agree that if the SSA favorably decides the claim *at any stage through the first hearing at the Administrative Law Judge level* I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $6,000.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(a).

(ECF No. 25, Ex. 3) (dated June 7, 2010) (emphasis added). After reviewing that language, this Court asked Mr. Piazza to supplement his petition specifying whether he had sought attorney's fees from the SSA and whether there existed any additional fee agreement that governed the fee for any proceedings occurring *after* the first hearing at the Administrative Judge level, including the proceedings in this Court. (ECF No. 28). Mr. Piazza provided a supplement stating that he had received payment for his work at the administrative level from the agency, and he attached the same attorney fee agreement from June, 2010. (ECF No. 29). The Commissioner observes that Mr. Piazza had previously provided this Court with a fee agreement specifying payment terms under the EAJA for his work in federal court. (ECF No. 30) (directing the Court's attention to ECF No. 22, Ex. 3). That agreement reads in pertinent part:

> If my attorney is successful in federal court review . . . I understand that he will be entitled to an attorney fee and reimbursement of his costs for his work in federal court. I also understand that my attorney will request that the court order the government to pay the attorney's fees . . . pursuant to the Equal Access to Justice Act (EAJA). *If this happens, I hereby assign any court awarded EAJA attorney fees and costs, for federal work only, to my attorney*.

(ECF No. 22, Ex. 3) (emphasis in original). That fee agreement contains no mention of the potential total amount of attorney's fees that could be paid, no indication of an hourly rate, and no inkling that a percentage of Mr. Emory's past-due benefits may be directed to his attorney by the agency.

Upon further review of the exhibits submitted by Mr. Piazza, the Court requested additional supplemental information from the parties because it appeared from the SSA Notice of Award that the agency had only withheld $6,000 from Mr. Emory's past-due benefits for the payment of attorney's fees. (ECF No. 31); *see also* (ECF No. 24, Ex. 4) ("Under the fee agreement, the representative cannot charge you more than $6,000.00 for his or her work."). Further, the Court asked Mr. Piazza whether he intended to seek direct payment from Mr. Emory if the agency had in fact only withheld $6,000. *Id.* Mr. Piazza initially responded that he would not seek payment from Mr. Emory, (ECF No. 33), but two days later provided an additional supplemental answer stating that he would seek payment of any attorney's fees ordered by the Court from his client, (ECF No. 35). The Commissioner subsequently confirmed with the government that no further funds are available in this case for the payment of attorney's fees from the agency. (ECF No. 26).

This case therefore differs from the heartland of cases, which typically present with a contingent-fee agreement, signed by the claimant, memorializing an agreement to pay a fee of twenty-five percent of past-due benefits to his or her attorney. In the absence of any governing contingent-fee agreement, the inquiry turns to assessing a "reasonable fee" under 42 U.S.C. § 1383(d)(2). *See Gisbrecht*, 535 U.S. at 808; *see also Reinke v. Astrue,* C-04-2279 RMW, 2010 WL 532381 (N.D. Cal. Feb. 8, 2010) (finding no fee agreement controlled work before the federal court where plaintiff's counsel presented a fee agreement governing administrative

proceedings and a separate post-hoc agreement entered into after past-due benefits were awarded). Mr. Piazza has thus far been awarded $9,462.50 in attorney's fees — $3,462.50 for his work before the Court under the EAJA, and $6,000.00 for his representation before the agency. However, he has only received $6,303.24.

"Courts are 'without jurisdiction to decree compensation for professional representation' at the administrative level[.]" *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (quoting *Robinson v. Gardner*, 374 F.2d 949, 950 (4th Cir. 1967)); *see also* D. Md. R. 109.2(c) (stating that a motion for attorney's fees made under 42 U.S.C. §§ 406(b) or 1383(d) "may not seek any award of fees for representation of the claimant in administrative proceedings"). When Mr. Emory sought attorney's fees under the EAJA, he submitted a schedule of services that accounted for 29.7 hours of work before this Court before the consent remand order was filed. (ECF No. 22, Ex. 2). This Court, therefore, is limited to determining a reasonable fee for the 29.7 hours of work performed in this venue.

In assessing the reasonableness of a fee, this Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht,* 535 U.S. at 808. Several factors militate against awarding Mr. Piazza the maximum allowable remaining fee of $16,342.50 for his 29.7 hours of work. First, given the limited language in the retainer agreement presented to Mr. Emory, Mr. Piazza has presented no evidence that suggests Mr. Emory was ever made aware that more than $6,000 of his past-due benefits could eventually be awarded to his attorney. *See* (ECF No. 25, Ex. 3) ("I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $6,000.00[.])") (emphasis added); *see also* (ECF No. 22, Ex. 3) (October, 2010 agreement for attorney's fees under the EAJA specifying no potential amount or percentage of back benefits). The instant petition for additional fees was

filed by Mr. Piazza, not Mr. Emory, and Mr. Piazza has made no attempt to show that he negotiated a higher amount than the maximum reflected in the initial fee agreement. Second, the character of the representation provided was not particularly complex. Mr. Piazza filed only a one-page complaint, and a motion for summary judgment containing about eight pages of non-boilerplate legal argument. Lastly, and most importantly, based on Mr. Piazza's deficient fee agreement, the SSA only withheld $6,000 for the payment of attorney's fees. In order to collect any additional amount of awarded fees, Mr. Piazza will have to seek direct payment from Mr. Emory based on this Court's order.

Moreover, if the Court were to allow $16,342.50 in additional fees for Mr. Piazza's court representation, the hourly rate would amount to $550.26 per hour. That high rate is unwarranted for several reasons. First, Mr. Piazza billed 1.5 hours of attorney time for preparing and electronically filing the one-page complaint, summons, and motion to proceed in forma pauperis ("IFP motion"). (ECF No. 22, Ex. 2). These forms consist largely of boilerplate text with blank spaces requesting straightforward information not requiring the input of an attorney, and which could have been completed by administrative staff. That entry will be discounted entirely. Another significant portion of the remaining hours of "attorney work" was comprised of clerical tasks, such as .3 hours for "[r]eceived and reviewed Summons," .2 hours for [r]eceived and reviewed Order granting [IFP motion]," .9 hours for "[p]repared and released Service of Summons and Complaint to  Attorney General, General Counsel, and U.S. Attorney certified mail return receipt requested," .2 hours for "[r]eceived and reviewed Notice of Appearance by Alex Gordon; logged into system," .5 hours for "[d]rafted and filed Consent to Magistrate,"[2] and

---

[2] It is hard to imagine how it took Mr. Piazza one half hour to draft the consent to magistrate, which is comprised of two sentences of entirely boilerplate text. The only information on the page that was tailored to Mr. Emory's case is the caption. (ECF No. 7). Moreover, it was filed electronically, a task which Mr. Piazza's firm has undertaken hundreds, if not thousands, of times.

.2 hours for "[r]eceived Order referring case to Magistrate."[3] *Id.* The practice of billing inordinate amounts of attorney time for tasks that are largely clerical in nature infects much of the schedule of services, and those entries certainly do not justify an hourly rate topping $500 per hour. Moreover, Mr. Piazza billed 17.5 hours for his work drafting the motion for summary judgment over a period of two weeks, from "6/8/11-6/22/11," with no specific indications of the amount of time worked on any particular date. The accuracy of bills submitted with this type of inadequate recordkeeping is highly questionable. Finally, this Court notes that it has issued numerous prior opinions addressing the issues contained herein, and Mr. Piazza has since made no apparent effort to rectify his billing practices by clarifying his fee agreements with his clients or submitting adequately particularized billing statements to this Court.

Furthermore, in assessing reasonableness in the absence of a contingent-fee agreement, the client's ability to pay is a consideration, especially in light of the high hourly rate that Mr. Piazza requests. The transcript indicates that Mr. Emory was homeless during the proceedings, with a very limited monthly income from welfare benefits. *See* (Tr. 27; ECF No. 2). The Notice of Award letter is dated November, 2013, and does not specify when the retroactive benefits will be paid. (ECF No. 25, Ex. 4). If tens of thousands of dollars have been paid to Mr. Emory in the intervening months, the Court has no way of knowing whether any amount remains for Mr. Piazza's attorney's fees, particularly because Mr. Emory had no prior notice of his possible

---

[3] This Court is not obligated to compensate Mr. Piazza for clerical tasks under either the EAJA or 42 U.S.C. §§ 406(b) & 1383. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non compensable under 42 U.S.C. § 406(b)); *Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").

7

liability for those fees.  The Court declines to burden an indigent plaintiff with the significant potential debt requested by Mr. Piazza under the circumstances present here.

However, it is fair and reasonable to award Mr. Piazza a further fee of $3,159.26, which is the additional sum Mr. Piazza would have received in EAJA funds had Mr. Emory not owed money to the government.  Mr. Piazza will ultimately receive a total of $9,462.50, an amount equal to 10.59 percent of Mr. Emory's back benefits, for his work on this case.  That award is fair and reasonable in light of the lack of adequate notice to Mr. Emory in the fee agreement about the potential amount of the fee, in light of the incertitude of his ability to pay such a fee, and in light of the inadequacy of the billing records.

## CONCLUSION

Based on the foregoing, the Court GRANTS in part and DENIES in part Mr. Piazza's Petition for Attorney's Fees. A separate order follows.

Dated: September 4, 2014                                         /s/
                                                                 Stephanie A. Gallagher
                                                                 United States Magistrate Judge